## UPDEGRAFF *v.* BENNETT.

In an action by a father, to recover damages for the seduction of his minor daughter, the petition need not allege that she was the "unmarried daughter" of the plaintiff, nor that she was of "previously chaste character."

The right of a father to recover for the seduction of his minor daughter, has not been changed by the Code, but the rule has been so relaxed, that he may now recover, although such minor daughter be not living with him, and there may be no actual loss of service.

*Appeal from the Jackson District Court.*

TUESDAY, APRIL 5.

THE plaintiff claims damages for the seduction of his daughter by the defendant. The petition alleges that the defendant, " contriving, and unlawfully and unjustly intend-

ing, to injure the plaintiff, and to deprive him of the service and assistance of Rosanna Updegraff, of the age of sixteen years, the minor daughter and servant of plaintiff, on, &c., seduced, debauched and carnally knew the said Rosanna, she then and there being the minor daughter and servant of the plaintiff, whereby," &c. The defendant answered, denying specifically the facts alleged; and the cause being tried by a jury, a verdict was returned in favor of plaintiff, for the sum of six hundred dollars. The defendant moved the court to arrest the judgment on the verdict, for the reason, " that the said Rosanna is not alleged in the petition to have been, at the time of her alleged seduction, an unmarried female of previously chaste character. The motion was sustained, and the judgment arrested. Plaintiff appeals.

*S. P. Adams* and *B. W. Poor*, for the appellant.

No appearance for the appellee.

STOCKTON, J.—The plaintiff's petition in this case was sufficient, and the motion in arrest of judgment should have been overruled.

The right of the father to recover for the seduction of his daughter, has not been changed by the Code. Where the suit is to recover for the seduction of a minor daughter, this rule has been relaxed, and the father may now recover, though such minor daughter be not living with him, and although there may be no actual loss of service. Code, section 1697.

The petition in this case, is drawn in accordance with the forms given by Mr. Chitty, (2 Chitty's Pleadings, 643, 856), in which the person seduced is averred to be the " daughter and servant " of the plaintiff. It is not held necessary to allege, that she is the "unmarried daughter of the plaintiff;" and there is nothing in the Code to justify the conclusion, that the father must allege in his petition, that his daughter was of " previously chaste character."

The judgment will be reversed, and the cause remanded, with directions to the district court to render judgment on the verdict.

Judgment reversed.